IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REV. RYAN "SASHA" GALLAGHER, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> UTTAH DHILLION, Director of the § <br> Drug Enforcement Administration, *et al.*, § <br> Defendants. § | <br><br>Civil Action No. 3:18-CV-2801-C-BH<br><br><br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED**.

### I. BACKGROUND

On October 22, 2018, Rev. Ryan "Sasha" Gallagher (Plaintiff) filed suit against the Director of the Drug Enforcement Administration (DEA) (DEA Director), two DEA employees, the United States Attorney General, and the Texas Attorney General; he challenges the constitutionality of the Federal Controlled Substances Act, 21 U.S.C. § 801 *et seq.* (FCSA), the Texas Controlled Substances Act, Tex. Health and Safety Code § 481.001 *et seq.* (TCSA), and the "DEA's Religious Exemption Law" for obtaining a religious exemption under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 *et seq.* (RFRA). (docs. 3 at 1, 15; 7 at 7.)[2] He alleges that the defendants violated his First Amendment rights because they refused to provide him a religious-use exemption for marijuana, and that he became homeless as a result. (docs. 3 at 15; 7 at 7.) He also alleges that he raised similar constitutional claims in other lawsuits, but they were dismissed. (doc. 3 at 6.) He seeks to have the defendants ordered to issue him a religious-use exemption "or simply overturn

---

[1] By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

these unconstitutional laws." (doc. 7 at 7.) No process has been issued.

## II. PRELIMINARY SCREENING

Because Plaintiff has been granted permission to proceed *in forma pauperis*, his complaint is subject to preliminary screening under 28 U.S.C. § 1915(e)(2). It provides for *sua sponte* dismissal if the Court finds the complaint "frivolous or malicious" or if it "fails to state a claim upon which relief may be granted." A claim is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327-28. Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. CONSTITUTIONAL CHALLENGE[3]

Plaintiff generally challenges the constitutionality of the FCSA, TCSA, and the DEA's Religious Exemption Law. (doc. 7 at 7.)[4] He appears to allege that those laws violate his freedom of religion under the First Amendment.

---

[3]Because Plaintiff is challenging the constitutionality of federal and state statutes, he is required to file and serve a notice of constitutional question on both the Attorney General of the United States and the Attorney General of Texas. Fed. R. Civ. P 5.1(a). Nevertheless, "[a] party's failure to file and serve the notice, or the court's failure to certify, does not forfeit a constitutional claim or defense that is otherwise timely asserted." *Id.* at (d).

[4]Plaintiff's answers to the magistrate judge's questionnaire constitute an amendment to his complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

"The Free Exercise Clause of the First Amendment, which has been made applicable to the states by incorporation into the Fourteenth Amendment provides that 'Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof.' " *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 292 (5th Cir. 2001) (quoting U.S. CONST. AMEND. I.). To establish that a government regulation violates the Free Exercise Clause, a plaintiff must show that he has a "sincerely held religious belief" and that the regulation "substantially burdens that belief." *A.A. ex rel. Betenbaugh v. Needville Indep. Sch. Dist.*, 701 F. Supp. 2d 863, 876 (S.D. Tex. 2009), *aff'd by* 611 F.3d 248 (5th Cir. 2010); *see Frazee v. Illinois Dep't of Employment Sec.*, 489 U.S. 829, 834 (1989). If the regulation violates the Free Exercise Clause, "it is invalid unless it is justified by a compelling interest and is narrowly tailored to advance that interest." *Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 533 (1993).

"A party seeking to challenge the constitutionality of a statute generally must show that the statute violates the party's own rights." *United States v. Stevens*, 559 U.S. 460, 483 (2010) (ALITO, dissenting) (citing *New York v. Ferber*, 458 U.S. 747, 767 (1982)). Although Plaintiff generally claims that the FCSA, TCSA, and the DEA's Religious Exemption Law are unconstitutional, he fails to allege facts showing how these laws violated his constitutional rights. His complaint identifies various practices of different religions and references his marijuana use, but there are no allegations about how these laws substantially burden his sincerely held religious belief. (*See* doc. 3 at 1-14); *see Frazee*, 489 U.S. at 834. Notably, previous challenges to the FCSA, TCSA, and the DEA's RFRA guidelines on free exercise grounds have been unsuccessful. *See Peyote Way Church of God, Inc. v. Thornburgh*, 922 F.2d 1210, 1213 (5th Cir. 1991) (holding that "the federal and Texas statutes prohibiting peyote possession do not offend the First Amendment's free exercise

3

clause"); *United States v. Christie*, 825 F.3d 1048, 1066 (9th Cir. 2016) (rejecting constitutional challenge to the classification of marijuana as a Schedule I controlled substance under the CSA); *Olsen v. DEA*, 878 F.2d 1458, 1463 (D.C. Cir. 1989) (rejecting free exercise of religion challenge to DEA's religious exemption process and its decision to reject request for religious use of marijuana). In fact, Plaintiff acknowledges that his prior similar constitutional challenges involving the FCSA and the DEA's Religious Exemption Law have been rejected. (doc. 3 at 6); *see, e.g., Gallagher v. DEA*, No. 3:17-CV-734-L-BN, 2018 WL 1703121, at *2 (N.D. Tex. Feb. 8, 2018), *adopted by* 2018 WL 1697675 (N.D. Tex. Apr. 6, 2018), *appeal dismissed by* No. 18-11105, 2018 WL 7360638 (5th Cir. Oct. 10, 2018) (lawsuit alleging constitutionality of FCSA dismissed on sovereign immunity grounds); *Gallagher v. DEA*, No. 18-CV-01674-GPG, 2018 WL 9485035, at *2 (D. Colo. Aug. 21, 2018) (rejecting claim under the RFRA), *aff'd by* 755 F. App'x 856 (10th Cir. 2019); *see also Gallagher v. DEA*, No. 1:18-CV-2439-UNA, 2018 U.S. Dist. LEXIS 207083, *2 (D.D.C. Dec. 3, 2018) (dismissing action challenging constitutionality of DEA practices and the CSA with prejudice as frivolous); *Gallagher v. FDA*, No. 18-2154 (TJK), 2019 WL 6312008, at *2-3 (D.D.C. Nov. 25, 2019) (rejecting claim under RFRA, alleging that FDA's program violated his First Amendment right to practice his religion).[5] Plaintiff's constitutional challenges are therefore futile and should be dismissed as legally frivolous. *See Neitzke*, 490 U.S. at 325; *see, e.g., McQueen v. Williams*, No. CIV.A. 11-724, 2011 WL 2182113, at *5 (E.D. La. Apr. 26, 2011), *adopted by* 2011 WL 2181380 (E.D. La. June 2, 2011) (finding constitutionality challenge of state's *in forma*

---

[5]Because these constitutional challenges have already been adjudicated, it appears that many, if not all, claims asserted in this action are precluded under the doctrines of res judicata and collateral estoppel. *See United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007); *see, e.g., Olsen v. Mukasey*, 541 F.3d 827, 832 (8th Cir. 2008) (finding plaintiff's free exercise claim barred by collateral estoppel when his free exercise claim had been previously considered in three prior cases).

*pauperis* statute "patently frivolous" given that other federal courts had repeatedly found it constitutional).

### IV.  SECTION 1983

Based on his invocation of his First Amendment rights, Plaintiff's claims for injunctive relief against the Texas Attorney General in both his official and individual capacities may be liberally construed as arising under 42 U.S.C. § 1983. (doc. 3 at 15; doc. 7 at 4, 7.)  It "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States" and "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, a plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

**A.     Official Capacity Claims**

An official capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).  A lawsuit against the Texas Attorney General in his official capacity is treated as a lawsuit against the State of Texas. *League of United Latin American Citizens, Council No. 4434 v. Clements*, 999 F.2d 831, 899 n. 5 (5th Cir. 1993) (dissent); *Gallagher v. Paxton,* No. 4:18-CV-575-ALM-CAN, 2019 WL 5390173, at *5 (E.D. Tex. May 15, 2019) (citing *Kentucky*), *adopted by* 2019 WL 4267438 (E.D. Tex. Sept. 10, 2019).

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be

5

construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).  Therefore, "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).  This immunity applies to both federal and state law claims brought in federal court. *See Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (determining that sovereign immunity bars both federal and state law claims brought in federal court); *Roberson v. McShan*, No. 05-20055, 2005 WL 2673516, at *1 (5th Cir. Oct. 20, 2005) (per curiam) (finding that Eleventh Amendment immunity divests federal courts of jurisdiction to hear federal and state law claims).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT & T Commc'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983 or 42 U.S.C. § 1985. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Hines v. Miss. Dep't of Corr.*, No. 00-60143, 2000 WL 1741624, at *3 (5th Cir. Nov. 14, 2000) (per curiam).

The Supreme Court has created an exception to Eleventh Amendment immunity for suits for injunctive or declaratory relief against individual state officials. *Raj*, 714 F.3d at 328 (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)); *see also Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321-22 (5th Cir. 2008) ("Pursuant to the *Ex Parte Young* exception, the Eleventh Amendment is not a bar to suits for prospective relief against a state employee acting in his official capacity.").

"[C]laims against state officials for prospective injunctive relief under § 1983 . . . are not barred by sovereign immunity." *Kobaisy v. Univ. of Miss.*, 624 F. App'x 195, 198 (5th Cir. 2015) (citing *Nelson*, 535 F.3d at 324); *see May v. N. Tex. State Hosp.*, 351 F. App'x 879, 880 (5th Cir. 2009) (citing *Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998)) (stating that the *Ex Parte Young* exception "applies to suits that allege a violation of federal law that are 'brought against individual persons in their official capacities as agents of the state, and the relief sought must be declaratory or injunctive in nature and prospective in effect.' ").

For the *Ex parte Young* exception to apply, the named defendant state official must have "'some connection with the enforcement of the act' in question or be 'specially charged with the duty to enforce the statute' and be threatening to exercise that duty." *Okpalobi v. Foster*, 244 F.3d 405, 414-15 (5th Cir. 2001) (en banc) (quoting *Ex parte Young*, 209 U.S. at 157, 158); *see also Allstate Ins. Co. v. Abbott*, 495 F.3d 151, 159 (5th Cir. 2007) (quoting *Ex parte Young*, 209 U.S. at 157) ("*Young* requires that '[i]n making an officer of the state a party defendant in a suit to enjoin the enforcement of an act alleged to be unconstitutional, . . . such officer must have some connection with the enforcement of the act, *or else it is merely making . . . the state a party*.' " (italics original)). "[A]ny probe into the existence of a *Young* exception should gauge (1) the ability of the official to enforce the statute at issue under his statutory or constitutional powers, and (2) the demonstrated willingness of the official to enforce the statute." *Okpalobi*, 244 F.3d at 417. "The required 'connection' is not merely the general duty to see that the laws of the state are implemented, but the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty." *Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014) (quotations omitted).

While Plaintiff seeks injunctive relief, he has not alleged that the Texas Attorney General

7

has any role in the enforcement of the TCSA. He has not identified any statute or constitutional provision giving the Texas Attorney General the duty to enforce the TCSA, or alleged any facts demonstrating his willingness to exercise any enforcement duty. *See Okpalobi*, 244 F.3d at 417. To the extent he is challenging the criminal enforcement of the TCSA, it is well-established Texas law that "[t]he office of attorney general of Texas has never had authority to institute a criminal prosecution." *Saldano v. State*, 70 S.W.3d 873, 878 (Tex. Crim. App. 2002) (en banc). Even though the attorney general must be given notice of a suit to declare a statute unconstitutional, that "notice requirement does not suggest . . . that the [A]ttorney [G]eneral is the proper party to sue in an action for declaratory or injunctive relief from the enforcement of a . . . statute." *Palmer v. Bone*, No. 418CV00422ALMCAN, 2019 WL 2882053, at *5 (E.D. Tex. May 24, 2019), *adopted by* 2019 WL 2868923 (E.D. Tex. July 3, 2019) (quoting *Lone Starr Multi Theatres, Inc. v. State*, 922 S.W.2d 295, 298 (Tex. App.—Austin 1996, no writ) (alterations original). Because Plaintiff has not cited any provision in the TCSA that provides the Texas Attorney General with enforcement authority, he is entitled to immunity. *See Okpalobi*, 244 F.3d at 423; *see, e.g., Hull v. Whitaker*, No. 519CV00026OLGRBF, 2019 WL 2288458, at *6 (W.D. Tex. May 29, 2019) ("Absent any non-conclusory, non-speculative allegations of an enforcement connection between General Paxton and the alleged unconstitutional Texas statutes, the Attorney General enjoys immunity here.").

**B.     Individual Capacity Claims**

Plaintiff also sues the Texas Attorney General in his individual capacity. (*See* doc. 7 at 4.) To prevail against a state official under § 1983, a plaintiff must allege how that defendant was personally involved in or had direct responsibility for the alleged constitutional injury. *See Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999). This is because

individual defendants can only be held responsible solely for "their own illegal acts." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). A plaintiff cannot make generalized allegations. *Howard v. Fortenberry*, 723 F.2d 1206 (5th Cir. 1984).

Here, Plaintiff generally alleges that the State of Texas opened medical marijuana dispensaries, but the Texas Attorney General had refused to acknowledge religious use. (doc. 7 at 4.) Plaintiff alleges no facts supporting his claim that the Texas Attorney General refused to acknowledge his religious use of marijuana, nor that he had the ability or authority to issue such an exemption. He also fails to specify how the Texas Attorney General's conduct burdened his exercise of a religious tenet or violated his religious beliefs. *See Frazee*, 489 U.S. at 834; *see, e.g., Norman v. Tompkins*, No. 1:18CV437, 2020 WL 1182292, at *6 (E.D. Tex. Feb. 17, 2020), *adopted by* No. 1:18-CV-437, 2020 WL 1171736 (E.D. Tex. Mar. 10, 2020) (dismissing § 1983 claim for injunctive relief because plaintiff "failed to allege or demonstrate that the government's action or policy substantially burdened the exercise of a religious tenet or forced plaintiff to engage in conduct that seriously violates his religious beliefs"). Further, there are no allegations that any acts were committed under color of state law. Plaintiff has not alleged a viable claim under § 1983 against the Texas Attorney General, and the individual capacity claim against him should be dismissed for failure to state a claim. *See Thomas v. State*, 294 F. Supp. 3d 576, 605-11 (N.D. Tex. 2018) (dismissing federal claims asserted under § 1983 for failure to state a claim).

## V.  *BIVENS*

Plaintiff also sues the United States Attorney General, the DEA Director, and the DEA employees in their official and individual capacities. (*See* doc. 7 at 2-3, 5-6.) Section 1983 does not apply when only federal action is at issue. *See Williams v. Wood*, 612 F.2d 982, 984 n. 1 (5th Cir.

9

1980). Because these defendants are employed by the federal government, his complaint may also be liberally construed as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See, e.g., Montgomery v. Deitelbaum*, No. 3:09-CV-2407-M, 2010 WL 582146, at *2 (N.D. Tex. Feb. 18, 2010) ("Because *pro se* complaints are liberally construed, the courts apply § 1983 or *Bivens* according to the actual nature of the claims, not the label or characterization of a pro se plaintiff.") (citation omitted).

In *Bivens*, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to an action for monetary damages in federal court. *Bivens*, 403 U.S. 388. *Bivens* extends the protections afforded under 42 U.S.C. § 1983 to parties injured by federal actors. *See Boyd v. Driver*, 579 F.3d 513, 515 n. 5 (5th Cir. 2009) (per curiam) (a *Bivens* action is otherwise coextensive with, and indistinguishable from a § 1983 claim); *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005) (per curiam).[6] The Fifth Circuit has recognized that a plaintiff may request "injunctive relief from violation of his federal constitutional rights." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *Bell v. Hood*, 327 U.S. 678, 684 (1946)); *see also Ramsey v. United States*, No. 3:96-CV-3358-G, 1997 WL 786252, at *2 n.2 (N.D. Tex. Dec. 11, 1997) (a plaintiff may seek injunctive or declaratory relief in addition to monetary relief in a *Bivens* action).

### A.  **Sovereign Immunity**

A *Bivens* action only provides a remedy for victims of constitutional violations by government officers in their individual capacities. *Affiliated Prof'l Home Health Care Agency v.*

---

[6]Unlike the multitude of claims that may be brought against state officials under 42 U.S.C. § 1983, however, "a *Bivens* remedy is not available for all constitutional violations." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017); *see also Iqbal*, 556 U.S. at 675-76 ("In the limited settings where *Bivens* does apply, the implied cause of action is the 'federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983.' ") (citations omitted).

*Shalala*, 164 F.3d 282, 286 (5th Cir. 1999). This is because the purpose of a *Bivens* action is to deter a federal officer from violating a person's constitutional rights. *FDIC v. Meyer*, 510 U.S. 471, 485 (1994); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 70 (2001). Claims under *Bivens* against federal employees in their official capacities are barred because they are equivalent to claims against the federal agencies who employ those employees. *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). The United States and federal employees sued in their official capacities are protected by the doctrine of sovereign immunity from constitutional claims under *Bivens*. *Gibson v. Federal Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (per curiam) (citing *Malesko*, 534 U.S. at 71-72); *Affiliated Prof'l*, 164 F.3d at 286; *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380-81 (5th Cir. 1987). Plaintiff's *Bivens* claims against the United States Attorney General, the DEA Director, and the DEA employees in their official capacities should be dismissed.

**B.     Individual Capacity**

   *1.     DEA Employees*

A plaintiff has no viable claim under *Bivens* unless the defendants have deprived a plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) (recognizing "[a] *Bivens* action is analogous to an action under § 1983- the only difference being that § 1983 applies to constitutional violations by state, rather than federal, officials"). Plaintiff alleges that the DEA employees contacted him about the DEA's religious exemption guidelines in October 2017 and April 2018, and that he complied with those guidelines but never received a response. (*See* doc. 7 at 5-6.) He has not alleged that these two individual defendants substantially burdened his sincerely held religious belief, however; nor has he pleaded any facts to plausibly show that they substantially burdened his

sincerely held religious belief. *See Frazee*, 489 U.S. at 834. Plaintiff has not alleged a cognizable *Bivens* action against them, and the individual capacity claims against them should be dismissed.

### 2. *United States Attorney General and DEA Director*

A *Bivens* action must be premised upon the personal involvement of the named defendants. *See FDIC v. Meyer*, 510 U.S. 471, 485 (1994) (explaining that it "must be remembered that the purpose of *Bivens* is to deter the officer"); *Guerrero-Aguilar v. Ruano*, 118 F. App'x 832 (5th Cir. 2004) (per curiam). Under *Bivens*, an individual cannot be held liable under a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 676. Instead, a supervisory federal employee and/or official may be held liable only where he has personal involvement in the acts that caused the deprivation of a constitutional right or if he implements or enforces a policy that causally results in a deprivation of constitutional rights. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468 (5th Cir. 2010); *Cronn v. Buffington*, 150 F.3d 538, 544-45 (5th Cir. 1998).

Here, Plaintiff has not alleged either personal involvement by the United States Attorney General or the DEA Director, and he has not alleged that they implemented a policy that causally resulted in the violation of his rights. *See Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (recognizing that supervisory liability exists without overt personal involvement if supervisory officials implement a deficient policy that is the moving force behind a constitutional violation). Even assuming Plaintiff is alleging that the DEA Director failed to train or supervise the DEA employees, he has failed to plead any facts in support of his claim. Any *Bivens* claim against the United States Attorney General or the DEA Director in their individual capacities should be dismissed as frivolous or for failure to state a claim.

## VI. RECOMMENDATION

Plaintiff's complaint should be **DISMISSED with prejudice** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).[7]

**SO RECOMMENDED** on this 7th day of May, 2020.

                                           _____
                                           IRMA CARRILLO RAMIREZ
                                           UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                           _____
                                           IRMA CARRILLO RAMIREZ
                                           UNITED STATES MAGISTRATE JUDGE

---

[7]As noted, Plaintiff has filed several *pro se* lawsuits in other federal courts against these defendants, as well as other defendants, that have been dismissed. *See Gallagher v. DEA*, No. 19-CV-00635-DKW-KJM, 2020 WL 33739, at *4 (D. Haw. Jan. 2, 2020) (noting that "Gallagher filed thirty-six different actions in various federal district courts in 2018 alone") (detailing Plaintiff's other cases). Since filing this lawsuit, the Northern District of Texas imposed filing restrictions barring Plaintiff from filing future actions *in forma pauperis*. *See Gallagher v. Wray*, No. 3:19-CV-930-N-BK, 2019 WL 2716542, at *1 (N.D. Tex. June 28, 2019).